## Case No. 16,193.

### UNITED STATES v. ROSE.

[2 Cranch, C. C. 567.] [1]

Circuit Court, District of Columbia. May Term, 1825.

EXECUTORS—ACTION ON ADMINISTRATION BOND—DEFENSES—JURY—AUDITING ACCOUNTS.

1. An executor, indebted to his testator's estate, cannot, in an action upon administration bond, brought by creditors or legatees, discharge himself by showing payments to his coexecutors.

2. If, after the jury is sworn and impanelled, it appears to be a case in which it is necessary to examine and determine upon accounts between the parties, the court will order the jury to be discharged, and the accounts to be audited and stated by the auditor of the court, agreeably to the Maryland act of 1785 (chapter 80, § 12), and that he report to the court.

[Suit by the United States, for the use of Eliza Balch and others, against John Rose.]

Debt upon an administration bond, given by the defendant and the Rev. S. B. Balch, as coexecutors of T. B. Beall. The breach assigned was in not accounting for, and paying over to the persons entitled to the same, a debt of $4,120, due by the defendant to his testator. In order to show that the whole sum of $4,120 was not due by the defendant, he offer-

ed in evidence certificates of his coexecutor, S. B. Balch, that "the defendant is justly entitled to the following credits in his account with T. B. Beall, deceased," &c.

Mr. Jones, for plaintiffs, objected that those certificates are not competent evidence. One executor is not to account with his coexecutor, and cannot discharge himself from the claims of creditors and distributees, by showing that he has paid the money to his coexecutor.

THE COURT (MORSELL, Circuit Judge, not sitting) rejected the evidence.

Marbury & Swann, for defendant.

NOTE. After the jury was sworn, and the cause had been opened, THE COURT (nem. con.) made the following order: "In this case, the court being of opinion that this is an action in which it is necessary to examine and determine on accounts between the parties, it is ordered that the jury sworn in this cause be discharged, and that the accounts and dealings between the parties be audited and stated by Joseph Forrest, the auditor of this court, agreeably to the 12th section of the act of November, 1785 (chapter 80), and that he report to this court." The plaintiffs had leave to amend their replication, by stating the names of the legatees, &c., and the defendant to amend his rejoinder.